NO. 07-07-0297-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 5, 2007



______________________________




GEORGE WAYNE ANDERSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY;



NO. 722487; HONORABLE JON WISSER/MIKE DENTON, JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 ABATEMENT AND REMAND


 Appellant, George Wayne Anderson, was convicted of assault and family violence,
and punishment was assessed at one year confinement and a $4,000 fine. The trial court
suspended the sentence in favor of misdemeanor community supervision for eighteen
months and payment of $3,200 of his fine. The clerk's record was filed on July 18, 2007,
and supplemental clerk's records were filed on July 30, 2007, and August 13, 2007. The
court reporter filed a request for an extension of time in which to file the reporter's record
explaining that Appellant had not submitted a request nor designation for the record nor
had arrangements been made to pay for the record. An extension was granted to
September 27, 2007; Appellant was asked to certify to this Court on or before September
4, 2007, whether he had complied with the Texas Rules of Appellate Procedure pertaining
to the reporter's record. Appellant responded by letter. In his letter, he maintains he is
indigent and requests that counsel be appointed to prosecute his appeal. As the Trial
Court's Certification of Defendant's Right of Appeal indicates the case was not a plea-bargain case and that Appellant does have the right of appeal, we now abate this appeal
to the trial court further proceedings.

 Upon remand, the trial court shall utilize whatever means necessary to determine
the following: 

 1. whether Appellant desires to prosecute the appeal;

 2. whether Appellant is indigent and entitled to appointed counsel; and

 3. if Appellant is indigent, make arrangements for preparation and filing
of the reporter's record. 

 

Should it be determined that Appellant does want to continue the appeal and the court
determines that Appellant is indigent and entitled to appointed counsel, the name, address,
telephone number, and state bar number of appointed counsel shall be provided to the
Clerk of this Court. Finally, the trial court shall execute findings of fact, conclusions of law,
and any necessary orders it may enter regarding the aforementioned issues and cause its
findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. 
A supplemental reporter's record of the hearing, if any, shall also be included in the
appellate record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by October 5, 2007.

 It is so ordered.


 Per Curiam

 


Do not publish.